IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NOE DE JESUS ORTIZ VILLAGRAN,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-19-CV-00336-DCG-ATB |
| | § | |
| COUNTY OF EL PASO, TEXAS, and the<br>UNITED STATES OF AMERICA,<br>     Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANT UNITED STATES' MOTION TO DISMISS**

Defendant, UNITED STATES OF AMERICA, respectfully moves to dismiss Plaintiff's Original Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), in the above-entitled cause and in support thereof would show the Court as follows:

### I.   FACTUAL BACKGROUND

1. The United States Department of Justice through the United States Marshals Service (USMS) contracts with El Paso County to house federal detainees. ECF No. 1, ¶ 6.

2. Pursuant to their contract, El Paso County is responsible for housing federal detainees and providing all medical care inside the EPCDF. *Id*. at ¶ 9.

3. On or about June 5, 2018, Plaintiff, an alien from Guatemala, entered the United States without authority or permission. *Id*. at ¶ 14.

4. Plaintiff was charged with a federal crime pursuant to 18 U.S.C. § 1325. *Id*. at ¶ 17. He was taken by federal agents to the EPCDF to be housed while awaiting trial. *Id.*

5. CBP agents provided the EPCDF with a Department of Homeland Security (DHS) detainer, Form 1-247, requesting EPCDF to maintain custody of Plaintiff for a period of time not to exceed 48 hours beyond the time when he would otherwise be released from custody. *Id*. at ¶ 19.

6. On June 15, 2018, Plaintiff pled guilty to his federal charge and was sentenced to thirty-five days in jail, to include time already served. *Id*. at ¶¶ 20-21.

7. Plaintiff's jail sentence concluded July 9, 2018. *Id*. at ¶ 22.

8. Plaintiff was released from the EPCDF to DHS custody on August 24, 2018. *Id*. at ¶¶ 23, 33.

9. Plaintiff never filed a petition for writ of habeas corpus while detained at the EPCDF. *See generally* ECF No. 1.

## II.     ARGUMENTS AND AUTHORITIES

**A.     Fed. R. Civ. P. 12(b)(6) Standard of Review.**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading standard under Rule 8, Federal Rules of Civil Procedure, does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). To withstand a Rule 12(b)(6) motion, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

**B.       Plaintiff Failed to State a Claim Against Defendant United States.**

Plaintiff asserts jurisdiction against the United States under the Federal Tort Claims Act (FTCA). The FTCA holds the United States may be liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act" of federal employees acting within the scope of their employment. *Lopez v. Vaquera*, EP-12-CV-00427-DCG, 2013 U.S. Dist. LEXIS 22035, at *51 (W.D. Tex. 2013) (quoting 28 U.S.C. § 1346(b)(1)). Under the FTCA, the United States may be liable "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* The Fifth Circuit has interpreted "[t]he law of the place" to mean the law of the state where the tort took place. *Najera v. United States*, 926 F.3d 140, 144 (5th Cir. 2019). Plaintiff's sole claim against Defendant United States is a false imprisonment claim.

> In order to establish a valid false imprisonment claim under Texas law, [Plaintiff] must show: "(1) willful detention, (2) without consent, and (3) without authority of law." The plaintiff must prove the absence of authority in order to establish the third element of a false imprisonment cause of action.

*Id.* (internal citations and quotations omitted).

Plaintiff asserts that on or about June 5, 2018, he was arrested and taken by federal agents to the EPCDF on a federal misdemeanor charge under 18 U.S.C. § 1325 (§ 1325). ECF No. 1 at ¶ 17. At the time Plaintiff was placed in custody at the EPCDF, CBP agents provided officers at the EPCDF with a DHS detainer, Form I-247. *Id*. at ¶ 19.

> Any authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency … The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a). Plaintiff does not challenge the authority of CBP agents to provide the EPCDF with a DHS detainer. *See* ECF No. 1 *generally*.

Plaintiff admits that on June 15, 2018, he pled guilty to the § 1325 misdemeanor charge and was sentenced to thirty-five days of incarceration. *Id.* at ¶ 21. He asserts his sentence concluded on July 9, 2018 and he "should have been released from the EPCDF on July 9, 2018 or, under the terms of the DHS detainer, 48 hours thereafter." *Id*. at ¶ 22. Plaintiff does not challenge the lawfulness of his arrest, charge or sentence. He does not assert that his initial arrest by CBP agents, followed by his detention at the EPCDF while awaiting trial on his federal charge was unlawful. Plaintiff does not challenge the sentence of confinement he received after pleading guilty to a federal offense. Nor does he assert the I-247 detainer provided to officers at the EPCDF was presented without authority. Thus, Plaintiff's only allegation of false imprisonment against Defendant United States could have occurred after the expiration of his DHS detainer, on or about July 11, 2018. *See id*. at ¶ 22. However, Plaintiff cannot show Defendant United States willfully detained him at the EPCDF from on or about July 11, 2018 until his release from the EPCDF on or about August 24, 2018.

Plaintiff asserts that on June 5, 2018, CBP agents along with a Deputy Marshal, "remitted [Plaintiff] to the EPCDF to await his trial for the single federal misdemeanor crime of 18 U.S.C. 1325." *Id.* at ¶ 17. "At the time of entry into custody, CBP agents also provided officers at the EPCDF with a DHS detainer." *Id.* at ¶ 19. The detainer asked the EPCDF to notify DHS as early as practicable before Plaintiff was to be released from their custody. *See* 8 C.F.R. § 287.7(a) ("The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody). Plaintiff does not and cannot assert the County Defendant notified CBP in accordance with the detainer, because it did not. Nor does Plaintiff

4

allege that the EPCDF was not provided with notice of Plaintiff's federal sentence indicating his projected release date of July 9, 2018. Accordingly, Plaintiff fails to show Defendant United States willfully detained him beyond his scheduled date of release.

Plaintiff attempts to rely on the inter-governmental contract to support his claim of false imprisonment by Defendant United States. His reliance on the contract however lacks merit. Plaintiff merely asserts that, "[u]nder the terms of the Agreement, the County 'agrees to release federal detainees only to law enforcement officers of the Federal Government agency initially committing the federal detainee…or to a Deputy United States Marshal." *Id.* at ¶ 10. CBP initially committed Plaintiff to the EPCDF. *See id.* at ¶ 17. CBP provided officers at the EPCDF with the detainer. *Id.* at ¶ 19. CBP law enforcement officers, by the terms of the contract between the USMS and the County of El Paso, Texas, were authorized to take timely custody of the Plaintiff if and when notified by the EPCDF. Critically, the detainer placed the burden on the EPCDF to notify CBP prior to Plaintiff's scheduled release so that CBP could arrange or assume custody of Plaintiff. *See* 8 C.F.R. § 287.7(a). Plaintiff does not assert the EPCDF notified CBP of his scheduled release on July 9, 2018.

Plaintiff does not allege that CBP failed to timely take the Plaintiff into custody once notified by the EPCDF that he should be released from the EPCDF. Plaintiff's Complaint is also devoid of any efforts to seek his release from federal officials while he was detained at the EPCDF. Plaintiff's Complaint asserts representatives on his behalf contacted the EPCDF and an EPCDF Inmate Processing employee represented that the Plaintiff was in the EPCDF but should have been released to DHS custody. *Id.* at ¶ 30. There is no allegation that this or any other EPCDF employee notified CBP that Plaintiff should be taken into their custody pursuant to the outstanding DHS detainer. Plaintiff further asserts that he was not released to DHS custody until his criminal defense

counsel called the EPCDF asking why the Plaintiff was still being detained at the EPCDF. *Id.* at ¶¶ 32, 33. Plaintiff fails to show how Defendant United States willfully detained him longer than authorized by law. Accordingly, Plaintiff's false imprisonment cause of action against Defendant United States must fail.

### III.   CONCLUSION

Based on the above, Plaintiff's Original Complaint should be dismissed as he has failed to show Defendant willfully detained him without authority of law. Plaintiff has failed to state a claim against Defendant United States for which judgment could be granted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff be denied any and all relief he seeks, that this cause be dismissed, and requests such other and further relief to which the Defendant may show itself justly entitled.

Respectfully submitted,

**JOHN F. BASH**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6884
Facsimile: (915) 534-3490
Email: manuel.romero@usdoj.gov
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of April 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Lynn Coyle, Christopher Benoit, The Law Office of Lynn Coyle, PLLC, *Attorneys for Plaintiff* and Amanda D. Frizzelle, Jo Anne Bernal El Paso County Attorney, *Attorney for Defendant El Paso County.*

                                               /s/ Manuel Romero
                                               **MANUEL ROMERO**
                                               Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NOE DE JESUS ORTIZ VILLAGRAN,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **EP-19-CV-00336-DCG-ATB** | |
| § | | |
| **COUNTY OF EL PASO, TEXAS, and the** § | | |
| **UNITED STATES OF AMERICA,** § | | |
| Defendants. § | | |

## O R D E R

On this day, the Court considered Defendant United States' Motion to Dismiss (hereinafter "Motion"), filed in the above-captioned cause. The Court, having considered Defendant United States Motion, is of the opinion that said motion be and is hereby GRANTED.

IT IS HEREBY ORDERED that judgment in favor of the Defendant United States be in all things GRANTED. It is further ORDERED that this case be, and is hereby DISMISSED with prejudice. Plaintiff shall bear all costs.

SIGNED and ENTERED this _____ day of _____, 2020.

**DAVID C. GUADERRAMA**
UNITED STATES DISTRICT JUDGE